## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TEKNEK, LLC, | ) | Case No. 05 B 27545 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |

### AMENDED MEMORANDUM OPINION

In this matter, several parties associated with this bankruptcy proceeding, mainly Kenham, LLC, Sheila Hamilton, Jonathan Kennett, Tekena USA, LLC ( the "Teknek Parties"), and Systems Division, Inc. ("SDI") object to the application of the chapter 7 trustee, David P. Leibowitz ("Trustee") to employ Neal H. Levin ("Levin") and his law firm, Freeborn & Peters, LLP ("Freeborn"). For the following reasons, the objection is sustained.

## I. JURISDICTION

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A),(B), and (O).

## II. BACKGROUND

On July 12, 2005, the debtor, Teknek, LLC ("Teknek") filed a voluntary chapter 7 bankruptcy case following entry of a judgment against it awarding $3.8 million to Systems Division, Inc. in a patent infringement case in the District Court for the Central District of California. Lawrence Fisher ("Fisher") was appointed as chapter 7 trustee to administer the estate. SDI is the main creditor of Teknek's bankruptcy estate; however, there are now also administrative claims.

SDI retained Levin and his law firm, Freeborn, to represent its interest in the bankruptcy case. During the course of administration of the estate, it was suspected that Teknek and several affiliated

entities engaged in alleged fraudulent transfers in order to hide assets and hinder SDI from collecting

its judgment. On November 10, 2005, Levin was also approved to be special counsel to the chapter

7 trustee, Fisher. On behalf of Fisher, Levin initiated an adversary proceeding against several of

Teknek's principals, including several of the Teknek Parties, seeking to avoid pre-petition transfers,

to pierce the corporate veil of Teknek, and to recover wrongful pre-petition distributions made by

Teknek. Fisher resigned as the chapter 7 trustee on May 31, 2006; Phillip D. Levey was appointed

to replace him. During this same time period, SDI was attempting to enforce its judgment in the

Central District of California. As a result, Levey employed general counsel to determine if SDI was

interfering with the administration of the bankruptcy estate and possibly violating the automatic stay.

After settlement discussions between Levey and SDI failed, Levey, as the chapter 7 trustee, initiated

an adversary proceeding on June 22, 2007 seeking to enjoin SDI from interfering with the estate.

Since Levin was representing both SDI and Levey as special counsel at this time, Levin was granted

leave to withdraw as counsel for both parties.

On March 7, 2008, SDI filed a written motion to withdraw its claim because a settlement had

been reached regarding its collection efforts. These efforts were undertaken outside of the scope of

administration of the estate. SDI argued that it had an absolute right to withdraw its claim. The

motion was denied on May 13, 2008.

On April 29, 2008, Levey sought to re-employ Levin for the limited purpose of representing

the chapter 7 trustee in the adversary proceeding against the Teknek Parties. While the motion was

pending, Levey stepped down as chapter 7 trustee and was replaced by David P. Leibowitz

("Trustee"). The Trustee has since adopted Levey's motion. SDI and the Teknek Parties oppose the

Trustee's efforts to re-employ Levin.

2

## III. DISCUSSION

SDI first argues that it has no claim before the Court because its claim was satisfied by the settlement agreement it reached outside the administration of the estate. Therefore, SDI contends it has no claim before the Court and the Court's previous order denying it from withdrawing its claim is moot. SDI further argues that if its claim withdrawal was ineffective, alleged misconduct in connection with Levin's previous representation of SDI and the former chapter 7 trustees in this case preclude the Trustee from re-employing Levin. The Teknek Parties echo SDI's misconduct concerns in their objection. Additionally, the Teknek Parties argue that employment of Levin does not satisfy the requirements of 11 U.S.C. § 327(a) because he has an interest adverse to the estate stemming from his prior representation of both the former chapter 7 trustees and SDI. The Trustee in turn argues that the Teknek Parties lack standing to challenge his application to again retain Levin.

*A. Standing of Teknek Parties to Oppose Application to Re-Employ Levin*

The first issue is whether the Teknek Parties have standing to oppose the Trustee's effort to re-employ Levin. Generally, a bankruptcy trustee is given wide latitude in decisions regarding administering the estate and employing professionals. *In re Great Lakes Factors, Inc.*, 337 B.R. 657, 660 (Bankr. N.D. Ohio 2005). As such, a trustee is generally entitled to select counsel free from interference from individual creditors or parties in interest. *Id.*

In order to have standing in federal court, one must possess both constitutional and prudential standing. *In re Automotive Professionals, Inc.*, 389 B.R. 630, 632 (Bankr. N.D. Ill. 2008). To have constitutional standing, "at an irreducible minimum, Art. III requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendants, and that the injury fairly can be traced to the

3

challenged action and is likely to be redressed by a favorable decision." *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982) (internal quotations and citations omitted). Prudential standing requires that the party is a real party in interest. *Automotive Professionals*, 389 B.R. at 633 (citing *U.S. v. 936.71 Acres of Land*, 418 F.2d 551, 556 (5th Cir. 1969)). "A real party in interest is 'the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery.'" *Id.* (quoting *Farrell Cosntr. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 140 (5th Cir. 1990)). Further, bankruptcy standing is much narrower than constitutional standing. *In re Cult Awareness Network, Inc.* 151 F.3d 605, (7th Cir. 1998). To have bankruptcy standing, "a person must have a pecuniary interest in the outcome of the bankruptcy proceedings." *Id.* "Only those persons affected pecuniarily by a bankruptcy order have standing[.]" *Id*; *see also Matter of Andreuccetti*, 975 F.2d 413, 416 (7th Cir. 1992) (holding that only a "person aggrieved" by a bankruptcy order has standing to appeal that order).

The Teknek Parties argue that they have standing because they possess the required pecuniary interest. They argue that they have an interest in who the Trustee employs and the increasing amount of fees Levin is incurring. Further, they argue that since SDI settled its claim, the Court may later order the Teknek Parties to pay Levin's fees. Conversely, the Trustee argues that the Teknek Parties lack standing because they do not have a financial interest in the case and that they lack prudential standing because they are not within the "zone of interest" that § 327 was intended to protect.

In this case, the Teknek Parties lack the requisite standing needed to object to the Trustee's efforts to re-employ Levin. Even if the Teknek Parties had constitutional standing for federal court, they lack proper bankruptcy standing. The Teknek Parties' argument that they may later be

responsible for the estate's attorneys' fees is unavailing. They are neither the debtor nor creditors

of the estate. Instead, they are parties who may be indebted to the estate through an avoidance and/or

alter ego action. This may place them on similar ground as the debtor, Teknek, in this case; but

rarely does a debtor possess a pecuniary interest since they are unlikely to realize any proceeds once

disbursements are made out of the estate. *See Cult Awareness Network,* 151 F.3d at 607. Even if

they face liability for Teknek's acts via the Trustee's alter ego action, they are in no better position

than Teknek would be to object to the application. Further, absent a conflict of interest, it makes no

sense that a non-debtor or non-creditor party may interfere with a bankruptcy trustee's wide latitude

to hire the counsel of its choice in pursuing a claim against that party. Such a result could garner a

multitude of objections whenever a trustee brings an action on behalf of a bankruptcy estate. The

Teknek Parties lack proper standing to object to the Trustee's application to re-employ Levin as

special counsel.

*B. SDI's Claim*

SDI argues that it settled its collection efforts and withdrew its claim. This argument stems

from two unsuccessful attempts by SDI to withdraw its claim. According to SDI, this renders the

Trustee's need to employ special counsel moot since there are no claims in the estate. SDI urges it

has an absolute right to withdraw its claim.

Federal Rule of Bankruptcy Procedure 3006 provides:

A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as
provided in this rule. *If after a creditor has filed a proof of claim an objection is filed
thereto or a complaint is filed against that creditor in an adversary proceeding,* or the
creditor has accepted or rejected the plan *or otherwise has participated significantly in the
case, the creditor may not withdraw the claim except on order of the court after a hearing
on notice to the trustee* or debtor in possession, and any creditors' committee elected
pursuant to § 705(a) or appointed pursuant to § 1102 of the Code. The order of the court
shall contain such terms and conditions as the court deems proper. Unless the court orders

otherwise, an authorized withdrawal of a claim shall constitute withdrawal of any related
acceptance or rejection of a plan.

Fed.R.Bankr.P. 3006 (emphasis added); *see also Quincy Mall, Inc. v. Parisian, Inc.*, 117 F.Supp.2d

784, 788 (C.D. Ill. 2000) (stating "[o]nce a party in interest objects, a creditor can only withdraw its

claim with the approval of the Bankruptcy Court.") (Citing Fed.R.Bankr.P. 3006).

In this case SDI is erroneous in its belief that it may unilaterally withdraw its claim as of

right. This Court has twice previously denied SDI's attempt to withdraw its claim. *See* Order on

Trustee's Motion to Clarify and Enforce This Court's June 29, 2007 Preliminary Injunction Order,

Case No. 07-ap-00583, Dkt. No. 123 (Oct. 2, 2007); *see also* Order on Motion to Withdraw Claim,

Case No. 05-bk-27545, Dkt. No. 268 (May 13, 2008). SDI's claim has not been withdrawn. If SDI

wished to challenge the denials of its efforts to withdraw its claim, the proper remedy would have

been to appeal.

Notwithstanding this Court's prior orders denying its claim withdrawal, withdrawal of SDI's

claim would still be improper. Fed.R.Bankr.P. 3006 clearly requires leave from the Court for a

creditor to withdraw a claim once an objection or an adversary proceeding has been filed. This is

exactly what occurred in this case when the Trustee initiated an adversary proceeding against SDI.

Therefore, once SDI became a party to the adversary proceeding, it was precluded from withdrawing

its claim as of right.

## C. Levin's Misrepresentations

SDI next alleges misrepresentations made by Levin should preclude his re-employment by

the Trustee. Specifically, SDI points out several misstatements Levin made in his initial application

to be employed by the Trustee. In the application, Levin stated that SDI would pay all of the fees

for Levin's work on behalf of the Trustee. SDI contends it never entered into such an agreement

6

since it was engaged in its own efforts in the Central District of California seeking its judgment and

such an agreement would result in SDI paying for what it perceives as duplicative efforts. SDI also

cites additional misconduct relating to alleged help it may have received in possibly violating the

automatic stay by aiding SDI in obtaining its judgement outside the bankruptcy proceedings without

prior approval by this Court. According to SDI, Levin became aware of the settlement SDI was party

to in its collection effort in the Central District of California. Upon learning of the settlement, Levin

allegedly attempted to enter into an agreement with SDI under which SDI would pay the

administrative expenses of the Teknek estate out of the settlement proceeds.[1]  According to SDI,

these actions preclude Levin from again representing the Trustee. The Trustee contends that these

statements are non-material misrepresentations and that whatever statements were made, Fisher,

when he was acting as the trustee in this matter, would have retained Levin regardless.

"[F]iling a fraudulent fee application by a trustee or attorney for the trustee is a flagrant

violation of the obligation of candor to the court and fiduciary obligations to the estate." *In re*

*Evangeline Refining Co.*, 890 F.2d 1312, 1323 (5th Cir. 1989). When an attorney for the trustee

intentionally misrepresents facts in order to deceive the court, compensation may be denied. *Id.* at

1323-34.

SDI cites two cases supporting its position, *Evangeline Refining* and *In re Crivello*.

*Evangeline Refining* involved a trustee who engaged in repeated exaggerations in fee applications,

and in some instances, fabricated fees. *Id.* at 1319. The *Evangeline Refining* Court found the

attorney's abuse to be "systematic." *Id. Crivello* involved a retention application with multiple

---

[1]Query, was this against the estate's interest and did the Trustee authorize this? This was
not fully explained in the pleadings herein.

7

intentional misrepresentations which included failure to disclose the attorney's connections with adverse parties, failure to disclose pre-petition claims the attorney had against the debtor, and failure to disclose possible voidable payments made on those pre-petition claims. *In re Crivello*, 134 F.3d 831, 833-35 (7th Cir. 1998).

In this case, the Court finds that Levin has not engaged in misconduct. The authority cited by SDI involved egregious and possibly criminal conduct like self-dealing, fraud, and embezzlement. Although the alleged misrepresentations herein may be technical misstatements, they are not material and do not rise to the level of the misconduct in the cited cases to preclude Levin's employment by the estate. *Compare In re Southeast Banking Corp.*, 314 B.R. 238 (Bankr. S.D. Fla. 2004) (finding misconduct involving discovery violations and wrongfully commenting to the press regarding FDIC documents did not warrant complete denial of a trustee's fees) *with Evangeline Refining*, 890 F.2d 1312; *and Crivello*, 134 F.3d 831 (both cases finding fraudulent billing warranted examination of fees to determine if complete disgorgement of fees was required). There is no question at this point that payment of Levin's fees, if his application is approved, will come from the Teknek estate.

*D. Re-Employment of Levin Under 11 U.S.C. § 327(a)*

The next issue is whether Levin's re-employment as counsel for the estate complies with the requirements of 11 U.S.C. § 327(a). Section 327(a) authorizes a bankruptcy trustee to employ professionals, including attorneys, "who are (i) disinterested persons (ii) that do not hold or represent an interest adverse to the estate." *Crivello*, 134 F.3d at 835; *see also In re Envirodyne Industries, Inc.*, 150 B.R. 1008, 1016 (Bankr. N.D. Ill. 1993); *In re AroChem*, 176 F.3d 610, 621 (2nd Cir. 1999); *In re Marvel Entertainment Group*, 140 F.3d 463, 475 (3rd Cir. 1998). Both prongs of this

8

two-part test must be satisfied for the attorney to be employed. *Crivello*, 134 F.3d at 835. A "disinterested person" is defined by § 101(14) as a person that:

> (A) is not a creditor, an equity security holder, or an insider;
>
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (C) does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason[.]"

11 U.S.C. § 101(14).

Subsection (C) is commonly referred to as a catch-all provision that includes any attorney with an "interest or relationship that would even faintly color the independence and impartial attitude required by the Code." *Crivello*, 134 F.3d at 835. Unlike "disinterested person," the term "adverse interest" is not defined by the Code. The commonly used definition of this term, adopted by this circuit, was first set forth in *In re Roberts*, 46 B.R. 815 (Bankr. D. Utah 1985):

> (1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or
>
> (2) to possess a predisposition under circumstances that render such bias against the estate.

*Crivello*, 134 F.3d at 835 (quoting *Roberts*, 815 B.R. at 827).

In this case, Levin does not hold an "adverse interest" to the estate. He possess no economic interest that would make him a rival claimant against the estate nor are there any circumstances that indicate that he is biased against the estate.

Levin must also satisfy the "disinterested person" prong of the test. The first two definitions under the Code are inapplicable. Levin was never a creditor, equity holder, or insider of Teknek, nor was he a officer, director or employee of Teknek within the past two years. However, Levin may

run afoul of the catch-all provision of 101(14)(C) because he may have a conflict with a class of creditors, or in this case, the estate's main creditor, SDI.

To determine if this conflict precludes Levin from representing the Trustee, the applicable rules of professional conduct must be examined. The Court's local rules apply the *Rules of Professional Conduct for the Northern District of Illinois* to all proceedings and matters before this Court. Bankr. N.D. Ill. R. 9029-4. The District Court's rules provide: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which the person's interests are materially adverse to the interests of the former client unless the former client consents after disclosure." N.D. Ill. LR 83.51.9. *See also* Illinois Rule of Professional Conduct 1.9 (setting forth same rule).[2] Thus an attorney may not represent an adversary of a client if the subject matter of both representations are substantially related without the client's consent. *Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1266 (7th Cir. 1983); *In re Prairie Central Ry.*, 209 B.R. 232, 233 (Bankr. N.D. Ill. 1997). Whether the representation is substantially related concerns whether the attorney could have gained confidential information from the first representation that would be relevant in the second. *Analytica*, 708 F.2d at 1266. "It is irrelevant whether he actually obtained such information and used it against his former client[.]" *Id.* This substantial relationship test has three elements:

> Initially, the trial judge must make a factual reconstruction of the scope of the prior legal representation. Second, it must be determined whether it is reasonable to infer that the confidential information allegedly given would have been given to a lawyer representing a client in those matters. Finally, it must be determined whether that information is relevant

---

[2] Illinois Rule of Professional Conduct 1.9(a) states: "A lawyer who has formerly represented a client in a matter shall not thereafter: (1) represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client, unless the former client consents after disclosure[.] ..."

to the issue raised in the litigation pending against the former client.

*Prairie Central*, 209 B.R. at 235 (quoting *Novo Terpeutisk Lab. A/S v. Baxter Travenol Labs.*, 607

F.2d 186, 195 (7th Cir. 1979) (en banc) (citations omitted)).

This inquiry is not concerned with whether actual confidences were disclosed but whether there was

the possibility that confidences may have been disclosed in the one matter that may be harmful to

the other. *Id.*

In this case, Levin formerly represented SDI in its efforts to collect on its patent infringement

judgment in the bankruptcy court. Now, the Trustee is attempting to employ Levin to pursue causes

of action against the same Teknek Parties in an adversary proceeding in the Teknek bankruptcy case.

The Trustee is also currently litigating a separate adversary proceeding pending against SDI in the

same bankruptcy case. There is a risk that confidential information possessed by Levin about SDI

may be passed along to the Trustee even though Levin's role is limited to the separate adversary

proceeding.[3] That would give the Trustee a clear advantage and SDI has every right to object. This

is made apparent by the fact that Levin recognized this conflict when Levey, the former trustee,

initiated an adversary proceeding against SDI and previously withdrew as counsel for both SDI and

Levey. Levin's re-employment as special counsel to the Trustee is substantially related to his prior

representation of SDI, as each matter involves the Teknek entities' efforts to avoid enforcement of

the $3.8 million judgment, rendering him not a "disinterested person" under §§ 101(14) and 327(a).

---

[3]In fact, Levin seems to have consulted with the Trustee regarding SDI. In its fee
application before the Court, an entry made by Levin on June 22, 2007 lists various email
correspondence between Levin and Shaw Gussis, general counsel for the Trustee, discussing a
claim against SDI for a possible violation of the automatic stay. *See Second Interim Application
of Freeborn & Peters LLP for Compensation and Reimbursement of Expenses as Former Special
Counsel to the Chapter 7 Trustee, Case No. 05-bk-27545, Dkt. No. 251, Ex. II, pg. 7.*

SDI's objection to the re-employment of Levin by the Trustee is sustained.

## IV. CONCLUSION

For the foregoing reasons, the Court overrules the objection of Kenham, LLC, Sheila Hamilton, Jonathan Kennett, and Tekena USA, LLC to the application of the chapter 7 trustee, David P. Leibowitz, to employ Neal H. Levin and his law firm, Freeborn & Peters, LLP. However, the Court sustains the objection of Systems Division, Inc. to the application. The application is DENIED.

**DATED: October 20, 2008**                    **ENTER:** *Jacqueline P. Cox*

*J. P. Cox*
_____
**Jacqueline P. Cox**
**United States Bankruptcy Judge**