UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TEKNEK, LLC, | ) | Case No. 05 B 27545 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |

### MEMORANDUM OPINION

In this proceeding, David Leibowitz, chapter 7 trustee of the debtor, Teknek, LLC ("Teknek"), moves for authority to compromise claims with Sheila Hamilton ("Hamilton"), Jonathon Kennett ("Kennett"), and Teknek Holdings, Ltd. ("Holdings"). The motion is opposed by Neal Levin ("Levin") of the law firm Freeborn & Peters LLP ("F&P"), former special counsel to the chapter 7 trustee and holder of an administrative claim. For the reasons set forth below, the motion is granted.

### I. JURISDICTION

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (C), (E), (H), and (O).

### II. BACKGROUND

On July 12, 2004, Systems Division, Inc. ("SDI") obtained a jury verdict in a patent infringement case in the Central District of California against Teknek, along with a non-debtor affiliate, Teknek Electronics Ltd. ("Electronics"), and a judgement of $3,771,555.25 was subsequently entered against both defendants. At the time, Teknek was owned by Hamilton and Kennett, both of whom are citizens of Scotland. Electronics was owned by another non-debtor affiliate company, Holdings. All of the shares of Holdings were owned by Hamilton and Kennett.

As a result of the judgment, Electronics initiated insolvency proceedings in Scotland. Teknek filed for chapter 7 bankruptcy protection in this Court on July 12, 2005. Prior to filing, in the time period between 2003 and 2005, it is alleged that Teknek transferred all of its assets to Electronics, who then proceeded to transfer all of its assets to various affiliated companies. The alleged transfers raised the suspicions of SDI, who filed a motion under seal on June 15, 2005 in the California District Court to add Holdings, Hamilton, and Kennett as defendants in its efforts to collect its judgment on the theory that Holdings, Hamilton, and Kennett were alter egos of Teknek and bankrupted Teknek and Electronics by fraudulently transferring their assets to Holdings, precluding SDI from recovering its judgment. On January 5, 2007, the California District Court granted the motion, making Hamilton, Kennett, and Holdings jointly and severally liable for SDI's judgment. After this motion was granted, SDI unsuccessfully attempted to register the judgement in Scotland. The Scottish court denied SDI's requested relief because it had doubts about whether the California District Court had personal jurisdiction over Holdings, Hamilton, and Kennett sufficient to enforce SDI's judgment. SDI sought to domesticate its judgment in the District Court for the Northern District of Illinois. This effort was unsuccessful because certain procedural requirements were not followed.

When Teknek filed its bankruptcy petition in July 2005, Lawrence Fisher ("Fisher") was appointed as the chapter 7 trustee. Teknek's petition listed only two creditors: SDI, for its judgment amount and associated costs; and Holdings, for an advance of approximately $10,000. SDI hired Levin and his law firm, F&P to represent its interest in the Teknek bankruptcy proceeding. On November 10, 2005, this Court approved Fisher's retention of F&P as special counsel to the trustee to investigate Teknek's pre-petition transfers of assets. Fisher retained F&P based upon the extensive discovery F&P had conducted during the course of its representation of SDI and its

knowledge and familiarity with the case. On January 16, 2006, Fisher filed an adversary proceeding, now *Liebowitz v. Hamilton*, Case No. 06-AP-00412, against Tekena USA, LLC (a Teknek affiliate, "Tekena"), Hamilton, Kennett, and other Teknek-affiliated parties seeking to avoid fraudulent transfers made by Teknek to various Teknek affiliates; to pierce the corporate veil of Teknek and to find Hamilton and Kennett personally liable for Teknek's obligations; and to recover a wrongful distribution made by Teknek to Hamilton prior to the Teknek bankruptcy. Fisher obtained the appointment of an equitable receiver to monitor the business and transactions of Tekena. Appointment of this receiver was affirmed by the District Court.[1]

In May 2006, Fisher resigned as chapter 7 trustee and was replaced by Phillip D. Levey ("Levy"). At that time, Hamilton and Kennett were attempting to settle SDI's judgment outside the bankruptcy after the entry of the California District Court's order finding Tekena, Hamiltion, and Kennett jointly and severally liable to SDI. Essentially, this meant that SDI and Levey were pursuing the same claim; as a result, Levey instructed his general counsel to sue SDI for interfering with the administration of the bankruptcy estate. F&P resigned as special counsel to the chapter 7 trustee due to the conflict of interest created by the action against SDI.

On June 22, 2007, Levey filed an adversary proceeding against SDI for injunctive and other relief, seeking an order enforcing the automatic stay against SDI interfering with the administration of the bankruptcy estate and an injunction barring SDI from further attempting to collect its judgment outside the bankruptcy. This Court entered a preliminary injunction after conducting a hearing on June 20, 2007 enjoining SDI from pursuing collection of its judgment that was effective until July 27, 2007. The injunction was subsequently extended to August 28, 2007. SDI appealed the

---

[1] *See Tekena USA, LLC v. Fisher*, 2006 WL 2536631 (N.D. Ill. 2006).

injunction and the District Court vacated the injunction on February 5, 2008. The trustee subsequently appealed the District Court decision; the matter is currently on appeal before the United States Court of Appeals for the Seventh Circuit. On February 29, 2008, SDI entered into a settlement agreement in the Central District of California with Hamilton, Kennett, and Holdings resolving all litigation between the parties. SDI states that it is no longer interested in pursuing its claim. However, Levey maintained that, as chapter 7 trustee, he had the exclusive right to pursue alter ego and piercing the corporate veil claims to collect SDI's judgment and to satisfy the estate's claims consisting of SDI's claim and administrative claims incurred in the administration of the estate that chiefly benefitted SDI. The Court has denied SDI's motions to withdraw its claim.[2]

In April 2008, Levey sought to re-employ Levin and F&P as special counsel to the trustee for the limited purpose of representing him in the action against the Teknek-affiliated parties. While the application was pending, Levey resigned as chapter 7 trustee and was replaced by David P. Leibowitz ("Trustee") who maintained the application to employ F&P as special counsel to the chapter 7 trustee. The application was denied by this Court on October 20, 2008 due to the conflict of interest due to F&P's prior representation of SDI in the bankruptcy case.[3] F&P currently has an allowed administrative claim in the amount of $520,390.05. There are also other administrative claims.

The Trustee and the Teknek-affiliated defendants now wish to settle all claims between them

---

[2] *See* Order on Trustee's Motion to Clarify and Enforce this Court's June 29, 2007 Preliminary Injunction Order, Case No. 07-AP-00583 [Dkt. No. 123], Oct. 2, 2007; Order on Motion to Withdraw Claim, Case No. 05-B-27545 [Dkt. No. 268], May 13, 2008; *See also In re Teknek*, 394 B.R. 884, 889 (Bankr. N.D. Ill. 2008).

[3] *See In re Teknek, LLC*, 394 B.R. 884 (Bankr. N.D. Ill. 2008).

4

for $350,000.00. F&P objects, arguing that the settlement is insufficient considering that a potential recovery from the defendants for over $4 million is possible.

### III. DISCUSSION

At issue is whether the Trustee's proposed settlement agreement should be granted. "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Settlements are generally favored since they allow the bankruptcy estate to avoid costs and using resources to litigate contested claims. *In re Del Grosso*, 106 B.R. 165, 167 (Bankr. N.D. Ill. 1989). However, a bankruptcy court must exercise its own judgement in evaluating a proposed settlement and not simply "rubber-stamp" the trustee's proposal. *In re Am. Reserve Corp.*, 841 F.2d 159, 162 (7th Cir. 1987).

In evaluating adversary proceeding litigation settlements, courts employ the "best interests of the estate test" meaning that a bankruptcy court will approve only those agreements that are in the best interests of the bankruptcy estate. *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007). To make this determination, the court "is required to apprise [itself] 'of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated.'" *Depoister v. Mary M. Holloway Found.*, 36 F.3d 582, 586 (7th Cir. 1994) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)). To determine the best interests of the estate, a comparison looking at the costs and probable benefits of continuing the litigation are weighed against the value of the settlement. *Doctors Hosp.*, 474, F.3d 421. Factors used in this comparison include "the litigation's probability of success, complexity, expense, inconvenience, and delay, 'including the possibility that disapproving the settlement will cause wasting of assets.'" *Id.* (quoting *Am. Reserve*, 841 F.2d at 161). The

5

settlement's value must be the reasonable equivalent of the surrendered claims. *Id.* This standard is met where the settlement's value falls within a range of possible litigation outcomes. *Id.* If the value of the settlement falls below this range, the settlement will fail the reasonable equivalent standard. *Id.* The court is not required to conduct a full evidentiary hearing before a compromise can be approved. *Depoister*, 36 F.3d at 586.

To support his application, the Trustee notes the inherent difficulties involved in this case. The Trustee concedes that likelihood of success on the merits is high, but points to potential roadblocks. Even though the likelihood of success on the merits is high, the Trustee notes the additional time and expense that may be incurred by further litigating with the Teknek-affiliated defendants. Further, if a favorable judgment is obtained, the Trustee still believes collecting on that judgement in Scotland may be an issue, noting that SDI was unable to collect its judgment before a Scottish court because that court questioned the California District Court's personal jurisdiction over the defendants. Moreover, the settlement leaves SDI's settlement untouched, meaning there remains no reason to pursue a claim on SDI's behalf as it is satisfied by the settlement between SDI and Teknek even though the SDI settlement proceeded in violation of the automatic stay.

F&P objects to the settlement, arguing that the settlement does not represent the best interests of the estate. F&P urges that costs in maintaining the adversary proceeding against the Teknek-affiliated defendants would be low compared to a potentially high award of seven figures for a favorable outcome for the estate. According to F&P, substantial discovery has been completed in this matter and the evidence obtained so far supports the assertion that a large recovery is likely. Notably, F&P points to the affidavit of Mark Rollinson, a Tekena employee and one of the defendants in the adversary proceeding against the Teknek-affiliated parties. The affidavit details

6

how Rollinson was involved in moving Teknek's assets to different Teknek entities. Thus, F&P's position is that there is a potentially large recovery for little additional effort by the estate, that the settlement agreement does not accurately reflect.

Even if the likelihood of success on the merits is high, the settlement agreement is reasonable and in the best interests of the estate. In this case, the claim of SDI, the only non-administrative creditor, has already been satisfied by a settlement agreement, even though it was procured by efforts outside this Court's jurisdiction. That leaves SDI's claim largely satisfied and only administrative claims left to be paid. Proceeding in continued litigation would definitely increase costs to the estate. There is also the consideration of future litigation involving the Teknek-affiliated defendants culminating in a possible trial. Additionally, it is foreseeable that SDI would again enter the litigation to protect its settlement. These factors surely would increase costs and use of the estate's resources. The only claims left to be satisfied are administrative, those of the attorneys representing the Trustee. Future litigation would increase these claims substantially.[4] Therefore, settling this matter under the offered terms is in the best interests of the estate.

## IV. CONCLUSION

For the reasons stated above, the Trustee's motion for authority to compromise claims with Hamilton, Kennett, and Holdings is GRANTED.

The above memorandum opinion is to serve as findings of fact and conclusions of law pursuant to Federal Rule Civil Procedure 52, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7052.

---

[4] The Court notes that F&P's claim would likely remain at its current level since it was disqualified from further representing the Trustee in this matter.

7

DATED: March 13, 2009      ENTER: *Jacqueline P. Cox*

J. P. Cox
_____
Jacqueline P. Cox
United States Bankruptcy Judge